**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**KEENUM O. DAVIS**                                                                    **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:08-CV-77-SA-SAA**

**ASHLEY FURNITURE INDUSTRIES, INC.**                              **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

Before the Court is the Defendant's Motion to Dismiss [8]. For the reasons stated below, the motion is granted.

**I. <u>Factual and Procedural Background</u>**

The Plaintiff has brought suit under Title VII of the Civil Rights Act of 1964. The Plaintiff's factual allegations vary in minor, but significant, ways among the Complaint, charge of discrimination, and response to the Defendant's motion to dismiss. Before addressing the applicable standard of review and the factual allegations which may be properly considered, the Court will relate the Plaintiff's factual allegations from each of the above sources in turn.

In his Complaint, the Plaintiff alleges that he was employed by the Defendant from March, 2004 through August 8, 2007. He further alleges that from December, 2006 through April, 2007, he was subjected to sexual harassment in the workplace, forcing him to relocate to another job within the same company. In that position, the Plaintiff alleges that he received lower wages and experienced more difficult working conditions. As a result, he resigned and subsequently filed a complaint with the Equal Employment Opportunity Commission (EEOC).

The Plaintiff's charge of discrimination is dated October 22, 2007. In it, the Plaintiff states that the earliest occurrence of discrimination was on December 12, 2006, and that the latest occurrence of discrimination was on April 12, 2007. The Plaintiff further stated, "I was subjected

to a hostile working environment when I was sexually harassed by a non-management employee from December 12, 2006 through January 25, 2007. I was threatened with discharge because I refused sexual advances on or about April 2007." The Plaintiff further stated that he volunteered to work at a different location on April 13, 2007, and resigned from his job on August 8, 2007.

However, in his response to the Defendant's Motion to Dismiss, the Plaintiff alleges that he experienced discrimination up to August 8, 2007, the date of his resignation. He further alleges that he mailed his charge of discrimination on October 3, 2007, and that the charge of discrimination dated October 22, 2007, in the record, is a form that the EEOC sent to him subsequent to receipt of his "original charge." The Plaintiff has not, however, attached this "original charge" as an exhibit to any filing in this Court.

## II. Standard of Review

The Defendant has moved that this action be dismissed pursuant to Rule 12(b)(1) - for lack of subject matter jurisdiction - and Rule 12(b)(6) - for failure to state a claim for which relief may be granted. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986). However, when considering a motion to dismiss for failure to state a claim for which relief may be granted, the Court may only consider the pleadings. FED. R. CIV. P. 12(d). The term "pleadings," while encompassing the Complaint and the Answer, does not include motions and other papers, such as responses to motions. FED. R. CIV. P. 7(a), (b).

Disagreement exists within the Fifth Circuit as to whether the requirements to file a suit

under Title VII, such as the deadlines or the exhaustion requirement, are merely prerequisites to suit or jurisdictional requirements. Pacheco v. Mineta, 448 F.3d 783, 788 n. 7 (5th Cir. 2006); Herod v. Potter, 255 Fed. Appx. 894, 896 n. 5 (5th Cir. 2007); Murungi v. Xavier University, 2008 U.S. App. LEXIS 8114, *7-*8 (5th Cir. Apr. 15, 2008). Therefore, it is unresolved whether a motion to dismiss a Title VII claim for failure to comply with the statutory prerequisites is properly brought as a motion to dismiss under Rule 12(b)(1) or under Rule 12(b)(6).

This Court has previously treated failures to comply with the time requirements of Title VII and failures to exhaust administrative remedies as jurisdictional defects. Ballard v. Columbus-Lowndes Recreation Auth. Bd., 1995 U.S. Dist. LEXIS 21567, *3 (N.D. Miss. March 24, 1995) (the requirement that a plaintiff file suit within ninety days of receipt of a right-to-sue letter from the EEOC is jurisdictional); Bigsby v. Runyon, 950 F. Supp. 761, 764 (N.D. Miss. 1996) (plaintiffs' failure to comply with exhaustion requirement in Title VII deprives court of subject matter jurisdiction); Sheffield v. Leggett & Platt, Inc., 2008 U.S. Dist. LEXIS 63153, *5 (N.D. Miss. Aug. 13, 2008) (failure to include an allegation in the EEOC charge deprives the District Court of jurisdiction over that claim). However, this Court has also treated the time requirements of Title VII in the same manner as a statute of limitations, which would implicate Rule 12(b)(6), rather than Rule 12(b)(1). Moorman v. Int. Paper Co., 1998 U.S. Dist. LEXIS 15572, *7 (N.D. Miss. Sep. 17, 1998) (*citing* Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)).

This Court will not attempt to resolve this split of authority. Because it restricts the Court's consideration to the pleadings, the standard of review for a motion to dismiss under Rule 12(b)(6) is generally more favorable to non-movants than the standard of review for a motion to dismiss

3

under Rule 12(b)(1), under which the Court may consider undisputed facts in the record and even resolve disputed facts in the record. Therefore, the Court will apply the standard of review more favorable to the non-movant: the standard for a motion to dismiss under Rule 12(b)(6).

When reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the allegations in the complaint are true. Id. The complaint must contain something more than a statement of facts that merely creates the suspicion of a legally cognizable right of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court will not accept mere conclusory allegations or legal conclusions masquerading as factual conclusions as true. Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); Myers v. Guardian Life Ins. Co. of Am., 5 F. Supp. 2d 423, 427 (N.D. Miss. 1998) (*quoting* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)). The "complaint must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Myers, 5 F. Supp. 2d at 427 (*quoting* Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

If "matters outside the pleadings are presented to and not excluded by the court," a motion presented to the court as a motion to dismiss under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(d). However, if matters outside the pleadings are present in the record, the Court is not required to treat the motion

4

as one for summary judgment if it does not consider them. Myers, 5 F. Supp. 2d at 427 (*citing* Davis v. Blayless, 70 F.3d 367, 372 (5th Cir. 1995)). Further, a District Court may consider an attachment to a motion to dismiss if it is referred to in the plaintiff's complaint and is central to the plaintiff's claim. Rodriguez v. Rutter, 2009 U.S. App. LEXIS 2440, *7-*8 (5th Cir. Feb. 9, 2009); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

In this case the Court may only consider facts alleged in the pleadings and the charge of discrimination attached to the Defendant's motion to dismiss, since the Plaintiff refers to the charge of discrimination in his Complaint and it is a central component of his claim. The Court may not consider facts alleged for the first time in the Plaintiff's response to the Defendant's motion to dismiss. Therefore, the Court must disregard the Plaintiff's late allegations, contained in his response to the Defendant's motion to dismiss, that 1) he was sexually harassed through August 8, 2007; and 2) he filed his charge of discrimination on October 3, 2007, rather than October 22, 2007.[1]

### III. Discussion

Before one may pursue a Title VII claim in federal court, he must exhaust his administrative remedies. Hall v. Continental Airlines, Inc., 252 Fed. Appx. 650, 653 (5th Cir. 2007). Exhaustion occurs when an individual files a timely charge of discrimination with the EEOC, the charge is dismissed by the EEOC, and the EEOC informs the individual of the right to sue. Id. The charge

---

[1] The Court also notes that even if it had used the standard of review for a motion to dismiss under Rule 12(b)(1), the result of this decision would likely have been the same. Since the Court has the authority to resolve factual disputes when considering a motion to dismiss under Rule 12(b)(1), the Court would have resolved the factual disputes in this matter - which are more accurately characterized as factual inconsistencies, rather than disputes, since they appear to exist solely within the Plaintiff's own allegations in his Complaint, charge of discrimination, and response to Defendant's motion to dismiss - in favor of the information the Plaintiff recorded on his charge of discrimination filed with the EEOC on October 22, 2007.

5

of discrimination must be filed with the EEOC within one hundred eighty (180) days after the alleged unlawful employment practice took place. 42 U.S.C. § 2000e-5(e)(1); Barnes v. Levitt, 118 F.3d 404, 408 (5th Cir. 1997); Blanchard v. Union Nat'l Life Ins. Co., 1996 U.S. Dist. LEXIS 21371, *6 (N.D. Miss. May 16, 1996). "The limitations period set forth in 42 U.S.C. § 2000e(5)(e)(1) acts as a statute of limitations." Moorman, 1998 U.S. Dist. LEXIS 15572, at *7.

One of the primary purposes of an EEOC charge is to put an employer on notice of the existence and nature of the charges against it. Manning v. Chevron Chem. Co., 332 F.3d 874, 879-80 (5th Cir. 2003). A Title VII suit is limited to "the scope of the EEOC investigation which could reasonably grow out of the administrative charge." Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993). A court action cannot encompass facts or issues not relating to the subject matter of the EEOC charge. Id. In fact, "...allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges." Clayton v. Rumsfeld, 106 Fed. Appx. 268, 271 (5th Cir. 2004).

The Fifth Circuit Court of Appeals has explained:

> The scope of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers. On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970). On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Id. at 466. Indeed, "[a] less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." Id. at 467. With that balance in mind, this court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out

of the charge of discrimination." Id. at 466. We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.

Pacheco, 448 F.3d at 788-89 (some citations omitted).

Pursuant to the standard of review for a motion to dismiss under Rule 12(b)(6), the Court may only consider facts contained in the pleadings or in the charge of discrimination that the Defendant has attached to its motion to dismiss. Liberally construing the factual allegations contained in the Plaintiff's Complaint and charge of discrimination, the Court finds three claims by the Plaintiff: a hostile working environment claim, a retaliation claim, and a constructive discharge claim. The Court will address each of them in turn.

### *A. Hostile Working Environment Claim*

In his Complaint, the Plaintiff alleges that from December, 2006, through April, 2007, he was subjected to sexual harassment in the workplace. However, in his charge of discrimination, he alleges that he was subjected to a hostile working environment from December 12, 2006, through January 25, 2007. Since an EEOC investigation growing out of the specific allegations of his charge might reasonably extend to any alleged harassment beyond January 25, 2007, the Court will assume the date of April 12, 2007 - the date which the Plaintiff charged was the latest occurrence of discrimination - as the end of the period of time in which he was subjected to a hostile working environment. April 12, 2007, was also the last day that the Plaintiff worked at the location where the alleged sexual harassment took place, since he claims that he relocated to a different job to avoid the alleged harassment.

The charge of discrimination must be filed with the EEOC within one hundred eighty (180) days after the alleged unlawful employment practice took place. 42 U.S.C. § 2000e-5(e)(1); Barnes,

118 F.3d at 408; Blanchard, 1996 U.S. Dist. LEXIS 21371 at *6. Construing the allegations contained in the Plaintiff's Complaint and charge of discrimination as liberally as possible, the latest date on which the Plaintiff was subjected to a hostile working environment was April 12, 2007. Therefore, the one hundred eighty day period expired on October 9, 2007. The Plaintiff filed his charge of discrimination on October 22, 2007, more than one hundred eighty (180) days after the alleged unlawful employment practices took place. Therefore, his hostile working environment claim is barred and dismissed with prejudice.

### *B. Retaliation Claim*

In his charge of discrimination, the Plaintiff alleged that he was threatened with discharge because he refused sexual advances on or about April, 2007. He further stated that he volunteered to work at a different location on April 13, 2007, and he specifically alleged that the latest occurrence of discrimination was April 12, 2007. In his Complaint, however, the Plaintiff did not allege any threatened discharge that resulted from his refusal of sexual advances; he did allege that he was forced to relocate within the company in order to escape sexual harassment. Construing the Plaintiff's Complaint and charge as liberally as possible, the latest date on which the alleged threat of discharge could have taken place is April 12, 2007, since the Plaintiff specifically stated in his charge of discrimination that was the latest date on which any discrimination took place. This date also accords with the allegations of the Complaint. Therefore, the one hundred eighty day period expired on October 9, 2007. However, the Plaintiff filed his charge of discrimination on October 22, 2007, more than one hundred eighty (180) days after the alleged threat of discharge, and his retaliation claim is barred and dismissed with prejudice.

*C. Constructive Discharge Claim*

"A constructive discharge has occurred when an employee resigns after the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." Thomas v. Atmos Energy Corp., 223 Fed. Appx. 369, 377 (5th Cir. 2007). Of course, whether an employee would feel compelled to resign is a fact-specific determination, but the Fifth Circuit considers the following factors, singly or in combination: 1) demotion; 2) reduction in salary; 3) reduction in job responsibilities; 4) reassignment to menial or degrading work; 5) reassignment to work under a younger, or less experienced or qualified, supervisor; 6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or 7) offers of early retirement, or continued employment on terms less favorable than the employee's former status. Keelan v. Majesco Software, Inc., 407 F.3d 332, 342 (5th Cir. 2005).

The issue before the Court is whether a constructive discharge investigation might reasonably be expected to grow out of the allegations of the charge of discrimination. Fine, 995 F.2d at 578. The Plaintiff's charge of discrimination contains the following allegations relevant to the issue of whether a constructive discharge investigation may reasonably arise from it: that the latest occurrence of discriminatory activity was April 12, 2007; that Plaintiff volunteered to work at a different location on April 13, 2007; and that Plaintiff resigned from that position on August 8, 2007. The Plaintiff, in his EEOC charge, did not allege anything resembling one of the factors the Fifth Circuit has enumerated for consideration when determining whether an employer has made an employee's working conditions so intolerable as to compel resignation. In fact, the Plaintiff did not allege anything in his EEOC charge regarding the working conditions at the new location, much less that they were intolerable.

In this situation, the Court can not find that a constructive discharge investigation could reasonably be expected to grow out of the allegations of the charge of discrimination. *See* Norman v. Lipscomb Oil Co., Inc., 1998 U.S. Dist. LEXIS 6879 (N.D. Miss. Apr. 1, 1998) (plaintiff's charge of discrimination alleging that a supervisor had sexually harassed her during her job interview did not assert sufficient facts to put employer on notice of a constructive discharge claim). Even if one could reasonably expect a constructive discharge investigation to grow out of the bare allegation that the Plaintiff resigned on August 8, 2007 - without any indication that the resignation was connected to the discriminatory activity - the Plaintiff's specific allegation that the latest date of discrimination was April 12, 2007, obviates such an expectation. Therefore, the Plaintiff's constructive discharge claim is also dismissed with prejudice.

Since all of the Plaintiff's claims are barred for his failure to comply with the prerequisites to filing a suit under Title VII, the Defendant's Motion to Dismiss is **GRANTED** and the Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

An order consistent with this opinion shall issue this the 9th day of March, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**